**Darrell G. RUCKER, Sr., Appellant,**

v.

**COLONIAL SCHOOL DISTRICT, Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted: March 31, 1986.
Decided: Sept. 2, 1986.

**704**

Darrell G. Rucker, Sr., pro se.

David H. Williams of Morris, James, Hitchens & Williams, Wilmington, for appellee.

GEBELEIN, Judge.

This case arises from an appeal to the Superior Court of a decision of the State Board of Education affirming the decision of the Colonial Board of Education expelling Darrell G. Rucker, Jr. The factual basis of the case involves a decision by the Colonial Board of Education to expel Mr. Rucker for illegal possession of a controlled substance, marijuana.

There is no dispute that on April 3, 1985, Darrell G. Rucker, Jr. was observed in possession of a controlled substance in violation of State law. Mr. Rucker was confronted with that fact and admitted to the possession of the marijuana cigarettes. Subsequent to that date, the police investigated the incident and charged Mr. Rucker with possession of marijuana.[1]

By notice dated April 15, 1985, Darrell Rucker, Sr. was advised of the intent of the Colonial School District to recommend expulsion of his son. The hearing date set for a "due process" hearing on this hearing was April 19, 1985. The hearing was before Dr. Maureen J. Ladd, who was an employee of the Colonial School District.

Dr. Ladd, who serves as supervisor of instruction for Colonial School District concluded after the hearing that Darrell Rucker, Jr. had been in possession of a controlled substance on April 3, 1985 and rec-

ommended, in accord with the Student Code of Conduct, expulsion.

The Colonial School District Code of Conduct provides in part as follows:

> 17. *Possession or Use of Alcohol or Illegal Substance*
>
> To possess on your person or among your personal belongings or to use illegal substances capable of producing a change in behavior or altering a state of mind or feeling; e.g., alcohol, marijuana, etc., or to possess "Look Alike Drugs" or drug paraphernalia.
> *First Violation Required:*
>
> \*    \*    \*    \*    \*    \*

Referral for expulsion in cases involving chargeable offense.

There is no question that the possession of marijuana was a "chargeable offense". There is no question that Darrell G. Rucker, Jr. admitted to the possession of marijuana cigarettes on school property.

Appellant contends that the school district erred in exercising its discretion in ordering his son expelled. He further contends that the procedures established under the Code of Conduct were violated; and, that his son was denied due process of law because the "due process" hearing was conducted before an employee of the District.

██ There is no question but that under Delaware law appellant's son is entitled to a free public education within the State of Delaware. That right to a free education is not absolute, but is conditioned upon an appropriate standard of behavior. As the Supreme Court of the United States has recognized, where "fundamentally fair procedures to determine whether the misconduct has occurred." exist, a State may withdraw an individual's right to receive free public education based upon that individual's misconduct. *Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975).

---

1. The charge was apparently dismissed in the arbitration procedures that followed in Family Court.

■ In effect, the appellant contends that the standard or code of conduct imposed by the Colonial School District is arbitrary or capricious. In fact, Colonial School District has recognized a significant problem involved in maintaining an educational system where the use of illegal or dangerous drugs is tolerated. The school district has perceived a serious drug problem and has acted decisively in a manner designed to prevent the problem from imperiling its educational programs. The policy of the Board as clearly set forth in its Code of Conduct is not arbitrary or capricious, but is a commendable effort in dealing with a serious, destructive problem.

■ The remaining contentions of the appellant as to denial of due process do not appear supported by the record before the Court. In the first place, the procedures established by the District require a hearing within seven (7) days of the notice of intent to expel being given formally to the student involved. In this case, the hearing was scheduled four (4) days after the date of the letter giving such notice of intent to expel.

■ The school district designated as its hearing officer at the due process hearing an employee of the school district. There is no fundamental due process right to a hearing officer who is not an employee of the district. The right exists to a hearing officer who is fair and impartial. In this case, the record clearly supports the finding of fact made by the hearing officer that Darrell Rucker, Jr. indeed did possess marijuana on the date in question.

■ Finally, appellant contends that his rights were violated and that he did not receive full and complete notice of the hearing procedures involved. It does not appear from the record that he was prejudiced in any manner by not receiving a copy of the entire Code of Conduct involved. The notice to Mr. Rucker specifically noted that he had a right to be represented by legal counsel, that he had a right to be presented with the names of witnesses and copies of statements and/or affidavits of those witnesses, that he had a right to request the witnesses appear in person and answer questions or be cross-examined, and finally, that he had a right to request the hearing be held in private. These rights are rights granted him under the fair hearing process set up by Colonial School District.

In addition to those fair hearing rights, appellant availed himself of the right to appear before the Colonial Board of Education and argue the case before that Board. In effect, enabling him to again state his case and argue the merits of the hearing officer's decision. In addition, on a second occasion, appellant's parents were given the opportunity to address the Colonial Board, which affirmed its previous decision to accept the hearing officer's decision.

Finally, appellant appealed the Colonial School Board's decision to the State Board of Education and was granted a hearing by that agency on June 20, 1985. After a third opportunity to present his case to a separate and detached administrative review, the decision to expel was again affirmed.[2]

Appellant's argument basically is that expulsion is not a warranted disciplinary reaction to possession of illegal drugs in a middle school. The Court cannot agree. The Colonial School Board, after due deliberation, adopted a standard of student conduct that is tough on those who possess drugs. This policy is based on the perception of the Board that drugs in school are a serious and intolerable disruption of educational processes. This Court cannot say that such a policy is unreasonable or irrational. In fact, it is a rational attempt to deal with a difficult problem.

---

2. It should be noted that appellant was acting *pro se* with the assistance of his father. His brief in this Court showed an ability to argue the case law and the facts in a manner customarily expected only of an attorney with some years of experience.

Appellant was afforded ample due process rights to contest this action. The Board acted in accord with its published Code of Conduct. The decision of the State Board of Education and the Colonial Board of Education is AFFIRMED.

IT IS SO ORDERED.